IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRON LASHAWN COLLIER,            )<br>     ID # 02159257,                             )<br>          Plaintiff,                               )<br>vs.                                                    )          No. 3:22-CV-0300-S-BH<br>                                                        )<br>TY BURNES, et al.,                            )<br>          Defendants.                          )          Referred to U.S. Magistrate Judge[1] | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the plaintiff's *Notice and Disagreement Regarding Consent to Proceed Before a United States Magistrate Judge In the Northern District of Texas*, received on February 22, 2022 (doc. 10). Based on the contention that the federal district court in which the case was initially filed is the proper court to hear some of the plaintiff's claims, and that this district is the proper court to hear only one, as well as the statement that "[t]his motion is made in good faith", the filing is liberally construed as a motion to sever and transfer some claims back to the transferring court. The motion is **DENIED**.

**I.**

In this civil rights lawsuit under 42 U.S.C. § 1983, the plaintiff claims that two police officers violated his constitutional rights while serving a "no-knock" search warrant at his home in Terrell, Texas, in 2016. (*See* doc. 1 at 4.)[2] He claims there were no "exigent circumstances" for the entry into his home while he and his girlfriend were in bed, and that the officers' actions violated his right to privacy and his "liberty to be free from an unwanton seizure of personal property." (*Id.*)

---

[1] By *Special Order No. 3-251*, this *pro se* prisoner case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He also contends that the officers did not make any determination regarding "joint possession" of the drugs recovered at his residence. (*Id.* at 6.) As a result of the search warrant, he was convicted of a state criminal offense, and received an 18-year sentence. (*Id.*) Two vehicles and cash were confiscated and forfeited. (*Id.* at 7.)

The plaintiff filed this action on November 29, 2021, in the United States District Court for the Eastern District of Texas. By order dated January 18, 2022, that court found that the plaintiff's claims arose out of an incident that occurred in this judicial district, and that the interest of justice would be best served by transferring the lawsuit to the proper district and division. (*See* doc. 5.) The plaintiff's motion contends that the district in Eastern District, where he resides and the case was initially filed, is the proper court to consider his privacy and liberty interest claims, and that this district is the proper court to hear his property interest claim. (*See* doc. 10 at 3-5.) It also claims that he faces bias and prejudice in this district based on its familiarity with the criminal proceedings. (*See id.* at 3.)

**II.**

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-816 (1988) (citation omitted). This "doctrine is a discretionary rule", however. *United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008) (citing *Messenger v. Anderson*, 225 U.S. 436, 444 (1912)). Review of a prior substantive ruling is appropriate in three instances: (1) substantially different evidence; (2) a change in controlling authority; or (3) a "clearly erroneous" decision that "would work a manifest injustice." *See Free v. Abbott Lab'ys, Inc.*, 164 F.3d 270, 272 (5th Cir. 1999). Importantly, the "doctrine applies only to

issues that were actually decided, rather than all questions in the case that might have been decided, but were not." *Clifford v. Gibbs*, 298 F.3d 328, 331 (5th Cir. 2002) (citation and quotations omitted). "An issue is 'actually decided' if the court explicitly decided it or necessarily decided it by implication." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 425 (5th Cir. 2006).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson*, 486 U.S. at 816; *see also In re Ford Motor Co.*, 591 F.3d 406, 411 (5th Cir.2009) ("transfer courts should use the law of the case doctrine to determine whether to revisit a [transfer] decision" and should "rarely reverse" ); *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (citation omitted) (explaining that "the decision of a transferor court should not be reviewed again by the transferee court"). While a court has the power to revisit a prior decision to transfer a case, it "should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would work a manifest injustice.'" *Christianson*, 486 U.S. at 817 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). This is because "transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.* at 816. "Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end." *Id.* at 819.

Here, the Eastern District specifically considered the issue of venue and determined that because the plaintiff's claims arose out of an incident in this district, this district was the appropriate venue. The decision to transfer the case here in the interest of justice, instead of dismissing it for improper venue, was plausible. The City of Terrell is located in Kaufman County, which lies within this district. *See* 28 U.S.C. § 124(a)(1). All of the events upon which he bases his claims occurred

3

in this district, and the plaintiff does not allege that the defendants are not located in this district. He has not shown that the transfer decision was clearly erroneous or manifestly unjust, and no extraordinary circumstances for revisiting that decision are apparent from the record.

### III.

The plaintiff's motion to sever some of his claims and transfer them back to the Eastern District of Texas is **DENIED**.

**SIGNED this 24th day of February, 2022.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE