IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DARRON LASHAWN COLLIER,  ) | |
|     ID # 02159257,  ) | |
|         Plaintiff,  ) | |
| ) | |
| v.  ) | No. 3:22-CV-300-S-BH |
| ) | |
| TY BURNES, et al.,  ) | |
|         Defendants.  ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the *pro se* prisoner plaintiff's complaint, received on November 29, 2021 (doc. 1), should be **DISMISSED** with prejudice.

## I.      BACKGROUND

On November 29, 2021, Darron LaShawn Collier (Plaintiff), a prisoner currently incarcerated in the Texas Department of Criminal Justice Telford Unit, brought this suit under 42 U.S.C. § 1983 against two narcotics officers of the Terrell Police Department (Officers) for alleged violations of his civil rights. (*See* doc. 1.)

Plaintiff alleges that on December 21, 2016, Officers, along with other unnamed officers, "executed a 'no-knock' entry and searched [sic] of Plaintiff's home while Plaintiff and girlfriend was [sic] still in bed." (*Id.* at 4; *see also* doc. 15 at 2-3.) The warrant "was alleged to have been executed on 12-19th-2016 [sic]." (doc. 1 at 4.) "The action resulted in the arrest" that led to his 2017 conviction and sentence to 18 years' imprisonment in Cause Nos. 16-50798-422-F in the 422nd District Court of Kaufman County, Texas.[2] (*Id.*; *see also* doc. 15 at 6.) According to

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Plaintiff also references Cause No. 16-50797-422-F in the 422nd District Court of Kaufman County, Texas. (*See* doc. 15 at 6.) His girlfriend is the only defendant in that criminal case.

Plaintiff, "without the unconstitutional conduct of the named defendant(s) [sic]/Forney Police Officers, Plaintiff insist [sic] that he would have either served out his remainder of the prior sentence (13 months) or attend [sic] the substance abuse program, which he would not have been deprived of his liberty for an [sic] lengthly [sic] amount of time (18 yrs.) through an illegal search." (doc. 15 at 10.) He also claims he would not "have lost his vehicles while either serving the remainder of his prior sentence (13 months) or attending a substance abuse program which would last approximately 90 days." (*Id.*)

Plaintiff appears to sue both Officers in their individual capacities and the second Officer in his official capacity; he seeks information about eight other officers who were allegedly involved in the search, as well as monetary relief. (*See id.* at 10-11.)

## II. PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any part of it, if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at

2

issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir.1996). A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   SECTION 1983

Plaintiff sues under 42 U.S.C. § 1983 for alleged violation of his rights. That statute "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.    *Heck* Bar**

Initially, many of Plaintiff's claims appear to be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994). It provides that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Id.* at 486-87. Because the issues in this case are appropriate for early and final determination, however, consideration of whether *Heck* bars any of Plaintiff's

claims is not required. *See, e.g.*, *Patton v. Jefferson Corr. Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998) (when an action raises an issue of immunity, the court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible); *Smithback v. 265th Judicial Dist. Court*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting recommendation that "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those issues").

**B.**     **Statute of Limitations**

Courts "may raise the defense of limitations sua sponte." *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). "[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed" under 28 U.S.C. § 1915(e)(2)(B). *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *accord Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006).

Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in § 1983 cases. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The general statute of limitations governing personal injuries in the forum state provides the applicable limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Texas has a two-year statute of limitations for personal injury claims, so Plaintiff had two years from the date his claims accrued to file suit. *Id.; accord Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000).

While state law determines the length of the limitations period, federal law determines the accrual date. *Wallace*, 549 U.S. at 388; *Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008). Generally, a claim accrues when the plaintiff has "a complete and present cause of action," or

4

"when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (citation and internal quotation marks omitted).

> "Under federal law, the [limitations] period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" A plaintiff's awareness encompasses two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required "if the circumstances would lead a reasonable person to investigate further."

*Piotrowski*, 237 F.3d at 576 (internal citations omitted); *Walker*, 550 F.3d at 414. Plaintiff's claims accrued, and the limitations period began to run, when he knew or had reason to know of the injury that is the basis of his action. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

Here, Plaintiff was allegedly subjected to a warrantless no-knock search at his residence on December 21, 2016. Based on evidence obtained during the search, he was convicted of manufacture, delivery, or possession with intent to deliver a controlled substance, more than one gram but less than 4 grams, and sentenced to 18 years' imprisonment on September 11, 2017. *See State v. Collier*, No. 16-50798-422-F (422nd Dist. Ct., Kaufman Cty., Tex. Sept. 11, 2017). Because he was aware of the alleged unconstitutional search when it occurred on December 21, 2016, his causes of action accrued on that date. He did not file his complaint until almost three years after the two-year statute of limitations expired. His claims are therefore barred by the statute of limitations, absent equitable tolling.[3]

The applicable limitations period may be equitably tolled in appropriate circumstances. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "Because the Texas statute of

---

[3] Even assuming for purposes of this complaint only that Plaintiff's complaint and responses to the magistrate judge's questionnaire could be liberally construed to allege causes of action that did not accrue until he was convicted and sentenced on September 11, 2017, based on evidence obtained during the alleged unconstitutional search, he still did not file his complaint until over two years after the two-year limitations period expired.

5

limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Id*. "[W]hen state statutes of limitation are borrowed, state tolling principles are to be the 'primary guide' of the federal court. The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *FDIC v. Dawson*, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted). Equitable tolling preserves a plaintiff's claims where strict application of the statute of limitations would be inequitable. *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013); *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("equity is not intended for those who sleep on their rights"). Equitable tolling is appropriate in cases where a plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *See Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996).

Here, Plaintiff appears to argue that the applicable limitations period "started perhaps, at the time of the incident or within the Plaintiff's filings of his last Court hearing(s) [sic] which was either the criminal proceeding (11.07 writ of habeas corpus/2254 writ of habeas corpus/forfeiture claim) etc.," and that "it is to Plaintiff's knowledge that he had 5 yrs. to file (if so [sic] chooses) his 1983 civil action." (doc. 15 at 4.) As discussed, the applicable limitations period is two years from the date his claims accrued, and his claims accrued when he knew or had reason to know of the injury that is the basis of his action, i.e., the alleged unconstitutional search on December 21, 2016, which allegedly resulted in his current incarceration. *See Piotrowski*, 237 F.3d at 576; *Gonzales*, 157 F.3d at 1020. Plaintiff also appears to argue that he has diligently pursued his rights by filing a civil action against Officers and others in the United States District Court for the District

of Columbia in November 2021, and that "some extrordiniary [sic] circumstances (full address/capicity [sic]) on proof of service existed." (doc. 15 at 5.) He fails to explain or allege any facts to show how a November 2021 action filed at approximately the same time as this § 1983 action, or "address/capicity [sic]" issues relating to proof of service warrant equitable tolling, however. He therefore fails to establish circumstances warranting equitable tolling, and his complaint is barred by the statute of limitations. A complaint that is barred by the statute of limitations is frivolous and fails to state a claim. *See Pantoja v. Fort Worth Texas Police Dep't*, 543 F. App'x 379, 379-80 (5th Cir. 2013) (affirming district court's dismissal of time-barred complaint as frivolous and for failure to state a claim).

### IV.   HABEAS RELIEF

In his responses to the magistrate judge's questionnaire, Plaintiff challenges the state conviction under which he is currently incarcerated, arguing that the offense conduct "led to nothing more than a violation of his parole and that he . . .was subject to serving the remainder of his prior sentence of 13 months[ ] or attending substance abuse program," and that his guilty plea in the underlying criminal case "was due to violating his parole not the law." (doc. 15 at 9; *see also id.* at 10.)

Where a party seeks relief in federal court from the fact or duration of confinement, as here, the claim "is cognizable only in federal habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser*, 411 U.S. at 487). Accordingly, to the extent he seeks habeas relief in this civil rights action, any such claims are not cognizable outside of a federal habeas corpus action, and they should be dismissed for failure to state a claim.

##     V.     RECOMMENDATION

Plaintiff's complaint, received on November 29, 2021 (doc. 1), should be **DISMISSED** with prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as frivolous and for failure to state a claim.  This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[4]

**SIGNED this 8th day of August, 2023.**



IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Section1915(g), which is commonly known as the "three-strikes" provision, provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.